**THE UNITED STATES BANKRUPTCY COURT**
**FOR SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-25185-BKC-JKO |
| | § | |
| SFD@HOLLYWOOD, LLC, | § | Chapter 11 proceeding |
| A Florida limited liability company, | § | |
| | § | |
| Debtor. | § | (related District Court No. 10-62365-FAM) |
| _____/ | § | |

---

**FORMER CHAPTER 11 TRUSTEE MARIKA TOLZ'S MOTION TO WITHDRAW BANKRUPTCY REFERENCE OF ORDER GRANTING MOTION FOR DISGORGMENT OF FEES [D.E. 650] AND SUCCESSOR TRUSTEE'S MOTION FOR ENTRY OF FINAL JUDGMENT IN CONNECTION WITH THIS COURT'S ORDER DATED OCTOBER 5, 2010 GRANTING MOTION FOR DISGORGEMENT OF EXCESS INTERIM COMPENSATION PAID TO FORMER CHAPTER 11 TRUSTEE, MARIKA TOLZ [D.E. 660] AND TO CONSOLIDATE WITH DISTRICT COURT ACTION CASE NO. 10-62365-FAM, AND INCORPORATED MEMORANDUM OF LAW**

---

Former Chapter 11 Trustee MARIKA TOLZ, ("Tolz"), by and through her undersigned counsel and pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011, hereby submits her Motion to Withdraw the Reference of the Order Granting Motion for Disgorgement of Fees [D.E. 650] ("Disgorgement Order") and Successor Trustee's Motion for Entry of Final Judgment in Connection with the Court's Order date October 5, 2010 Granting Motion for Disgorgement of Excess Interim Compensation Paid to Former Chapter 11 Trustee, Tolz [D.E. 660] ("Motion for Final Judgment") in the Chapter 11 Bankruptcy Proceeding Case No. 08-25185 ("Bankruptcy Proceeding'), and to Consolidate the Disgorgement Order and the Motion for Final Judgment with the pending District Court Action, Case No. 10-62365-FAM, ("District Court Action"), and in support thereof, states as follows:

*In Re: SFD@Hollywood, LLC*
Case No. 08-25185-JKO

## INTRODUCTION

In accordance with 28 U.S.C. § 157(d), Federal Rules of Bankruptcy Procedure 5011 and Local Rule 5011-1, Tolz moves this Court to withdraw the reference of the Disgorgement Order and the Motion for Final Judgment in the Bankruptcy Proceeding and consolidate the Disgorgement Order and the Motion for Final Judgment with the District Court Action presently pending in the United States District Court for the Southern District of Florida. Tolz requests this relief in order to facilitate judicial economy and efficiency in adjudicating claims made against her in various proceedings now before the bankruptcy court relating to her services as a Trustee of a number of estates, as well as to guard against inconsistent results and decisions of fact and law in the pending bankruptcy court proceedings. According to Federal Rules of Bankruptcy Procedure 5011, the Advisory Committee Note thereto, and Local Rule 5011-1, a motion to withdraw a reference should be filed in the bankruptcy court and transmitted by the clerk of the district court for disposition by a district judge. Upon such transmittal, Tolz respectfully requests that the Disgorgement Order and the Motion for Final Judgment in the Bankruptcy Proceeding be consolidated with the District Court Action. A copy of the District Court Action Complaint for Interpleader and Injunctive Relief is annexed hereto as Exhibit "A."

## PROCEDURAL BACKGROUND

*Estate Administration*

1.      On or about October 14, 2008, SFD@Hollywood, LLC filed a voluntary petition for bankruptcy under Chapter 11. [D.E. 1].

2.      Thereafter, on or about September 9, 2010, the Court entered an Order Confirming the Second Amended Plan of Liquidation of SFD@Hollywood, LLC. [D.E.640].

*In Re: SFD@Hollywood, LLC*
Case No. 08-25185-JKO

3.     Based on a review of the Bankruptcy Proceeding docket, it appears that administration of the bankruptcy estate is substantially complete.

*Disgorgement Order and Motion for Final Judgment*

4.     On or about August 16, 2010, Robert C. Furr, as Chapter 11 Successor Trustee for the bankruptcy estate of SFD@Hollywood, LLC, ("SFD Bankruptcy Estate") filed a Motion for an Order Directing Disgorgement of Fees Paid to Tolz as Former Chapter 11 Trustee ("Motion for Disgorgement").  [D.E. 617].

5.     In response thereto, on or about September 13, 2010, Tolz, through her former counsel, Robert C. Charbonneau, Esq. of Ehrenstein Charbonneau Calderin, filed her response to the Motion for Disgorgement.  [D.E. 641].

6.     Thereafter, on or about October 5, 2010, the Court entered an Order Granting the Motion for Disgorgement of Excess Interim Compensation to Tolz as Former Chapter 11 Trustee ("Disgorgement Order").  [D.E. 650].

7.     The Disgorgement Order provided, *inter alia*, that Tolz pay the sum of $82,422.00 ("Disgorgement Sum") to the SFD Bankruptcy Estate within fifteen days after the entry of the Disgorgement Order.

8.     On or about December 6, 2010, the SFD Bankruptcy Estate filed its Motion for Entry of Final Judgment in Connection with the Court's Disgorgement Order ("Motion for Final Judgment").  [D.E. 660].

9.     The Motion for Final Judgment seeks the entry of a judgment against Tolz in the amount of the Disgorgement Sum based on her purported failure to comply with the Disgorgement Order.

RICHMAN GREER, P.A.
Miami • West Palm Beach

10.     The hearing on SFD Bankruptcy Estate's Motion for Final Judgment is set for January 4, 2011. [D.E. 662].

*District Court Action*

11.     Subsequent to the entry of the Disgorgement Order and the filing of the Motion for Final Judgment, on or about December 10, 2010, Liberty commenced an action in the United States District Court for the Southern District of Florida bearing Case No. 10-62365 and the caption *Liberty Mutual Insurance Company v. The United States of America, ex rel Steven R. Turner et al* ("District Court Action").  *See* Exhibit "A."

12.     In the District Court Action, Liberty filed a complaint ("District Court Complaint") seeking interpleader of a Blanket Bond issued by Liberty for "Trustees in Cases under Chapter 7 and 11 provided it is a Liquidation and not a Reorganization," naming the United States of America as obligee, and naming as principals various individuals who served as trustees in Chapter 7 and chapter 11 bankruptcy cases, including Tolz ("Blanket Bond").  Said Blanket Bond presently lists Tolz's Bond Amount as $3,641,000.00 ("Bond Amount").  *See* Exhibit "A."

13.     The main crux of the District Court Action concerns claims that have been made and/or may be made against the Bond Amount during Tolz's administration as Trustee alleging, *inter alia*, diversion of funds, misappropriation and/or breach of fiduciary duty.  *See* Exhibit "A."

14.     Further, the District Court Complaint seeks a permanent injunction that the Defendants therein be restrained and enjoined from instituting or prosecuting any proceeding in any state or United States court affecting the Blanket Bond.  *See* Exhibit "A."

*In Re: SFD@Hollywood, LLC*
Case No. 08-25185-JKO

15.     Moreover, in connection with the District Court Complaint, Liberty filed a

Motion for a Preliminary Injunction seeking, *inter alia*, an order restraining the Defendants listed

therein from instituting or prosecuting any proceeding in any State or United States court

affecting the Blanket Bond at issue in the District Court Complaint.  A copy of Liberty's Motion

and Memorandum in Support of Request for Preliminary Injunction is attached hereto as Exhibit

"B."

## **BACKGROUND**

16.     Over the approximately past twenty years, Tolz has served as Trustee and/or

Receiver of SFD Bankruptcy Estate as well as of other estates not named herein but presently

asserting claims against Tolz.

17.     Commencing around May 2010, Tolz was substituted and/or resigned from her

role as Trustee and/or Reciever of SFD Bankruptcy Estate as well as of other estates based on

personal health related issues.

18.     Shortly thereafter, various claims and disputes relating to Tolz's services as

Trustee and Receiver of SFD Bankruptcy Estate as well as of other estates began coming to light.

19.     Based on the claims and disputes, a multitude of pending bankruptcy matters were

commenced against Tolz alleging breach of fiduciary duty, conversion, misappropriation,

diversion of funds and disgorgement of fees previously awarded to Tolz.

20.     **All** of the claims made against Tolz share similar, if not identical, allegations

relating to the diversion of funds from the respective bankruptcy estates and receivership

accounts between each other and to Tolz personally.

21.   **All** of the claims made against Tolz share similar, if not identical, questions of law and fact relating to Tolz's duties as Trustee and/or Receiver of SFD Bankruptcy Estate as well as various other estates not named herein but presently asserting claims against Tolz.

22.   The SFD Bankruptcy Estate filed their Motion for Disgorgement and Motion for Final Judgment in order to seek disgorgement of fees awarded to Tolz based in part on alleged misconduct.

23.   Likewise, Liberty commenced the District Court Action in order to resolve claims made against the Bond Amount based on allegations of misconduct asserted against Tolz.

24.   Liberty commenced the District Court Action in order to resolve the claims in one forum so that Liberty would not be subjected to multiple lawsuits on the Blanket Bond and to avoid the risk of inconsistent rulings on the scope and coverage of the Blanket Bond.

25.   The questions of fact and law that will be addressed in the District Court Action are similar, if not identical, to those that must be determined in connection with the Disgorgement Order and the Motion for Final Judgment.

26.   In the interest of judicial economy, Tolz respectfully requests that this Court grant her Motion to Withdraw the Reference of the Disgorgement Order and the Motion for Final Judgment in the Bankruptcy Proceeding and Consolidate it with the District Court Action.

## **MEMORANDUM OF LAW**

*This Court is Vested with the*
*Authority to Withdraw the Reference*

District courts have "original and exclusive jurisdiction of all cases under title 11."  28 U.S.C. § 1334(a).  District courts commonly refer these cases to bankruptcy courts pursuant to

*In Re: SFD@Hollywood, LLC*
*Case No. 08-25185-JKO*

28 U.S.C. § 157(a).  Notwithstanding the foregoing, a party may file a motion to withdraw the reference and relieve the bankruptcy court of jurisdiction if it believes the case is more properly heard in district court.  *See* 28 U.S.C. § 157(d).  Specifically, 28 U.S.C. § 157 provides that:

> The district court may withdraw, **in whole or in part**, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added).

*Permissive Withdrawal of the Reference is Warranted*

The court may withdraw a reference "for cause shown" (permissive withdrawal) and shall withdraw the reference if resolution requires consideration of both bankruptcy and non-bankruptcy issues (mandatory withdrawal).  *Id.*   While the applicable statute does not define "cause shown," the courts of appeals have addressed what constitutes sufficient "cause" to withdraw a reference and have set forth the following factors a district court may consider:  (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) the delay that will be occasioned and the costs to the parties, (4) promotion of uniformity of bankruptcy administration, (5) prevention of forum shopping, and (6) other related factors.  *See In Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996) *citing In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994); *see also In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990).

First and foremost, the questions of law and fact relating to the Disgorgement Order and the Motion for Final Judgment unmistakably are interconnected to non-core issues.  In general,

*In Re: SFD@Hollywood, LLC*
Case No. 08-25185-JKO

"a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). By contrast, a non-core proceeding does not depend on bankruptcy law for its existence and "could proceed in another court." *Security Farms v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). The allegations which the Motion for Disgorgement, and subsequently the Disgorgement Order, and the Motion for Final Judgment are premised on relate to purported misconduct by Tolz. These claims clearly are directly related to and have a substantial impact on the issues that must be resolved in the District Court Action. As such, this factor weighs heavily in favor of granting Tolz's Motion to Withdraw the Reference. [1]

Second, based on the recent influx of litigation on the docket of this Bankruptcy Court involving Tolz relating to the same, if not identical, claims, the proposition of withdrawing the reference and consolidating the Disgorgement Order and the Motion for Final Judgment with the District Court Action promotes judicial economy and prevents the unnecessary waste of judicial resources.

Third, the slight delay that may result if this Court grants Tolz's instant Motion, and any prejudice that may occur in connection therewith, pales in comparison to the prejudice that Tolz would suffer if she was forced to litigate the same issues in multiple lawsuits and forums

---

[1] As Administration of the bankruptcy case is substantially complete (*see* ¶¶ 1-3 *supra*), there is neither value nor merit in keeping these proceedings before the bankruptcy court while conducting a trial in the district court relating to the same, if not identical, issues. The proceedings that are to follow are disputes over alleged misconduct by Tolz, not core issues regarding estate administration.

simultaneously.   Moreover, withdrawing the reference and consolidating the Disgorgement Order and the Motion for Final Judgment in the Bankruptcy Proceeding with the District Court Action will undoubtedly reduce costs for all parties involved as it will permit resolution of similar issues in the same forum.

Fourth, withdrawing the reference and consolidating the Disgorgement Order and the Motion for Final Judgment in the Bankruptcy Proceeding with the District Court Action will prevent multiple lawsuits on the same issues and diminish the risk of inconsistent rulings thereby promoting uniformity of bankruptcy administration and preventing forum shopping.

Accordingly, given the interrelated claims arising out of (1) Tolz's duties as a Trustee of SFD Bankruptcy Estate as well as of other estates, (2) claims of misconduct against Tolz made by SFD Bankruptcy Estate as well as of other estates, and (3) rival, adverse and conflicting claims made by successor trustees to Tolz in various estates against the Blanket Bond, it would be more efficient and effective for all claims concerning the foregoing to be adjudicated before one court.  Further, withdrawal of the reference will expedite the various claims at issue and thus bring about faster and more cohesive resolution of the multitude of pending matters and claims asserted against Tolz.

### *Mandatory Withdrawal of the Reference is Justified*

In addition to permissive withdrawal of the reference, mandatory withdrawal of the reference exists.  Mandatory withdrawal of the reference to a bankruptcy court is statutorily required if substantial and material consideration of non-Bankruptcy Code federal law is necessary for resolution of the proceeding.  *In re Dana Corp.*, 379 B.R. 449, 453 (S.D.N.Y. 2007).  To the extent core bankruptcy issues of administration of the funds of the estate exist,

they are combined with significant non-core issues affecting the Blanket Bond for all the panel trustees of the Southern District, i.e., the extent and nature of the Blanket Bond.  As such, resolution of this issue will require consideration of non-Title 11 law relating to the regulation of organizations or activities affecting interstate commerce; specifically, among others, the regulation of the Blanket Bond in accordance with 28 U.S.C. § 1352.

Based on the foregoing, hearing all claims together will enhance judicial economy and consistency, thereby minimizing the potential for inconsistent outcomes that could result in substantial prejudice to all parties involved.  As such, Tolz is confident the District Court will have a more complete picture of the various disputes and the interrelationship between all parties involved if the court withdraws the reference.  Accordingly, it would be in the best interest of all parties that the Disgorgement Order and the Motion for Final Judgment be determined together with the District Court Action.

<u>**PRAYER**</u>

**WHEREFORE**, Former Chapter 11 Trustee MARIKA TOLZ respectfully requests that this Court Withdraw the Reference and Consolidate the Disgorgement Order and the Motion for Final Judgment in the Bankruptcy Proceeding with the District Court Action, and grant such other and further relief as this Court deems just and proper.

Dated: December 23, 2010                          Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional Qualifications to practice in this Court set forth in Local Rule 2090-1(A).

*In Re: SFD@Hollywood, LLC*
Case No. 08-25185-JKO

By: _____/s/ Manuel Farach\_\_\_\_\_

Manuel Farach, Esquire
Florida Bar No. 612138
mfarach@richmangreer.com
Richman Greer, P.A.
250 Australian Ave. South, Ste. 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608

**ATTORNEYS FOR MARIKA TOLZ**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all person on the master service list by CM/ECF to those parties authorized to receive electronic service and/or via US Mail to those persons to whom electronic notification will not be delivered.

By: \_\_\_\_/s/Manuel Farach_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY,

        Plaintiff,                    CASE NO. _____

v.

THE UNITED STATES OF AMERICA,
*ex rel* STEVEN R. TURNER, UNITED
STATES ASSISTANT TRUSTEE, REGION
21, AND ALL PANEL TRUSTEES OR
SUCCESSOR TRUSTEES CLAIMING THROUGH
THE UNITED STATES TRUSTEE; ROBERT FURR,
JOEL TABAS, and SONEET KAPILA,
SUCCESSOR TRUSTEES TO MARIKA TOLZ,

        Defendants.
_____/

## COMPLAINT FOR INTERPLEADER
## AND INJUNCTIVE RELIEF

Liberty Mutual Insurance Company ("Liberty"), a company organized under the laws of

the State of Massachusetts with its principal place of business in the State of Massachusetts for its

Complaint for Interpleader, Declaratory Judgment and Injunctive Relief, avers as follows:

### Parties

1.      Made defendants herein are:

      a.      The United States of America, *ex rel.* Steven R. Turner, United States

             Assistant Trustee, Region 21 (the "UST"); and all panel trustees or

             successor trustees claiming through the United States Trustee;

    b.    Robert Furr, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz;

    c.    Joel Tabas, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz; and

    d.    Sonnet Kapila, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz.

(Furr, Tabas and Kapila are sometimes collectively referred to as the "Successor Trustees").

## Jurisdiction and Venue

2.    This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1352, as this action pertains to a bond executed pursuant to 11 U.S.C. 322 and Federal Rule of Bankruptcy Procedure 2010, naming the United States of America as obligee.

3.    This Court further has original jurisdiction pursuant to 28 U.S.C. § 1335 over this civil action of interpleader involving contract funds and a bond of an amount of more than $500.00 with two or more adverse claimants of diverse citizenship.

4.    This Court further has jurisdiction pursuant to 28 U.S.C. § 1332, as this suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.    Venue is properly placed in this Court pursuant to 28 U.S.C. §§ 1391 and 1397.

2

## **Background**

6.     Liberty is a surety company in the business of providing, among other products, blanket bonds for bankruptcy Trustees.

7.     On December 13, 2002 Liberty Mutual issued a Blanket Bond of Trustees in Cases under Chapter 7 and Chapter 11 Provided it is a Liquidation and not a Reorganization, naming the United States of America as obligee, and naming as principals various individuals who served as trustees in Chapter 7 and Chapter 11 bankruptcy cases in the Southern District of Florida (the "Bond"), based on a schedule provided by the UST's office (the "Schedule").

8.     Liberty executed Renewal Certificates for the Bond each year from 2004 to 2010. Each Renewal Certificate was effective as of January 1 of a particular year, replaced the prior year's Renewal Certificate, and altered the penal sum of the Bond per trustee based on the total amount of the funds the trustees had under their administration at the time of renewal.

9.     Liberty received the information about the amounts the trustees had under administration from the UST.  The UST sent a letter each year to Liberty identifying the principals, listing the funds each principal had "on hand," and asking for renewal of the Bond in the total amount the listed principals had on hand.   The Renewal Certificates provide, in part, that they are to be attached to and made a part of the Bond.

10.     Marika Tolz is one of the principals listed on the Schedule.  Tolz was a panel trustee in the United States Bankruptcy Court for the Southern District of Florida for 26 years. She was also a receiver in several state cases.

11.     The 2010 Renewal Certificate lists Tolz's Bond Amount as $3,641,000.00 (the "Penal Sum").

3

12. Tolz has resigned as Trustee from her cases, and Liberty has received or been threatened with claims under the Bond from the Successor Trustees to Tolz alleging that Tolz misappropriated funds and/or otherwise failed to faithfully perform her duties as Trustee in no less than seven (7) bankruptcy cases (the "Claims"). Liberty has been advised that the Successor Trustees believe there are additional claims.

13. To date, Liberty has been sued by Furr in the following matters:

a. *In re: James P. Driscoll*, bearing Adversary Proceeding number 10-03653 on the Docket of the United States Bankruptcy Court for the Southern District of Florida;

b. *In re: Richard Joseph Ryan*, bearing Adversary Proceeding number 10-03627 on the Docket of the United States Bankruptcy Court for the Southern District of Florida;

c. *In re: Kivi South*, bearing case number 04-26245 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 342; and

d. *In re: Fuzion Technologies Group, Inc. and Fuzion Wireless Communications*, bearing case numbers 01-28967-JKO and 01-28968-JKO on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 8.

14. Liberty is investigating the Claims, and believes it may have defenses to certain of the Claims.

15. On information and belief, the Claims exceed the Penal Sum of the Bond.

4

16.     If the Claims are not resolved in one forum, Liberty will be subjected to, among other things, multiple lawsuits on the Bond, the risk of inconsistent rulings on the scope and coverage of the Bond, and adverse monetary judgments in amounts that exceed the Bond's Penal Sum.

17.     Further, Claims have been asserted by Successor Trustees on the Bond, which names the United States of America as obligee.  Without the participation of the UST in the resolution of the Claims, Liberty could be subject to duplicative and/or inconsistent claims.

## COUNT ONE – STATUTORY INTERPLEADER AND INJUNCTIVE RELIEF

18.     Liberty realleges and incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

19.     Contemporaneously with this Complaint, Liberty is tendering into the registry of the Court a Bond in the amount of $3,641,000.00, the Penal Sum of Liberty's Bond as to Tolz.

20.     On information and belief, Liberty is facing multiple Claims on the Bond, and the Claims exceed the penal sum of the Bond.

21.     Liberty, a citizen of Massachusetts, has asserted a claim to the Penal Sum as it believes it has defenses to certain of the Claims.   Liberty is diverse from other claimants, who are citizens of Florida; the amount in controversy exceeds $500.00 and Liberty is tendering into the registry of the Court a Bond in the Penal Sum.  Therefore, the requirements of § 1335 are satisfied, and injunctive relief under § 2361 is permitted.

22.     Liberty is entitled to process requiring the defendants to interplead their claims against the Bond in this action only.

5

23. Liberty is further entitled to preliminary and permanent injunctive relief under § 2361 restraining the defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Bond.

**COUNT TWO – RULE INTERPLEADER AND INJUNCTIVE RELIEF**

24. Liberty realleges and incorporates the allegations of paragraphs 1 through 17 and 19 through 23 as if fully set forth herein.

25. Liberty is further entitled to process requiring the defendants to interplead their claims against the Bond in this action only under Federal Rule of Civil Procedure 22.

26. Liberty is further entitled to preliminary and permanent injunctive relief under Federal Rule of Civil Procedure 65 restraining the defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Bond as: (1) Liberty has a substantial likelihood of success on the merits of this interpleader action as Liberty's liability, if any, is clearly limited to the Penal Sum and Liberty is subjected to multiple claims and the possibility of inconsistent rulings; (2) there is a substantial threat of irreparable harm if the injunction is not granted as Liberty will be subjected to multiple lawsuits with possible inconsistent rulings and defending Claims that exceed the Penal Sum; (3) the threatened injury outweighs any harm that may result from the injunction to the non-movant as there is no prejudice to the United States Trustee and the Successor Trustees asserting the Claims in this Court rather than the individual bankruptcy matters; and (4) the injunction will not undermine the public interest.

27. Alternatively, this Court may issue and Liberty requests an injunction to restrain the parties from pursuing any claim against the Bond in another federal court pursuant to the All Writs Statute, 28 U.S.C. § 1651.

6

WHEREFORE, Liberty Mutual Insurance Company prays:

1.    That each of the defendants in interpleader be restrained and enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the Bond;

2.    That the Court require the defendants to interplead their claims against the Bond and Liberty in this action only, and that the Court determine the respective rights and claims of the parties;

3.    For judgment in interpleader that Liberty has no liability to the defendants in connection with the Bond; and

4.    For such other legal and equitable relief as the Court may deem just and proper.

*s/ Brett D. Divers*
BRETT D. DIVERS, ESQ.
Florida Bar No. 0973246
bdivers@mpdlegal.com
ALBERTA L. ADAMS
Florida Bar No. 0080063
aadams@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 2010
Tampa, FL 33602
(813) 229-3500 (Telephone)
(813) 229-3502 (Fax)
*Attorneys for Liberty Mutual Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY,

     Plaintiff,      CASE NO. 0:10-cv-62365

v.

THE UNITED STATES OF AMERICA,
*ex rel* STEVEN R. TURNER, UNITED
STATES ASSISTANT TRUSTEE, REGION
21, AND ALL PANEL TRUSTEES OR
SUCCESSOR TRUSTEES CLAIMING THROUGH
THE UNITED STATES TRUSTEE; ROBERT FURR,
JOEL TABAS, and SONEET KAPILA,
SUCCESSOR TRUSTEES TO MARIKA TOLZ,

     Defendants.

_____/

**LIBERTY MUTUAL INSURANCE COMPANY'S MOTION AND
MEMORANDUM IN SUPPORT OF REQUEST FOR PRELIMINARY INJUNCTION**

  Plaintiff, Liberty Mutual Insurance Company ("Liberty"), submits its Motion and

Memorandum in Support of its Request for Preliminary Injunction in connection with its Complaint

for Interpleader and Injunctive Relief (the "Complaint"). As set forth more fully below, the Court is

empowered, pursuant to 28 U.S.C. § 2361 and Federal Rule of Civil Procedure 65, to enter a

preliminary order restraining the Defendants from instituting or prosecuting any proceeding in any

State or United States court affecting the Bond at issue in the Complaint. All such proceedings

should occur as part of Liberty's interpleader action herein.

**FACTUAL BACKGROUND**

  Liberty is a surety company in the business of providing, among other products, blanket

bonds for bankruptcy Trustees. On December 13, 2002 Liberty issued a Blanket Bond of Trustees in

Cases under Chapter 7 and Chapter 11 Provided it is a Liquidation and not a Reorganization,"
naming the United States of America as obligee, and naming as principals various individuals who
served as trustees in Chapter 7 and Chapter 11 bankruptcy cases in the Southern District of Florida
(the "Bond"), based on a schedule provided by the United States Trustee's office (the "Schedule").[1]
(Rockenbach Aff., ¶ 3).

Liberty executed Renewal Certificates for the Bond each year from 2004 to 2010.  Each
Renewal Certificate was effective as of January 1 of a particular year, replaced the prior year's
Renewal Certificate, and altered the penal sum of the Bond for each trustee based on the total amount
of the funds the trustees had under their administration at the time of renewal.  (Rockenbach Aff., ¶
4).

Liberty received the information about the amounts the trustees had under administration
from the United States Trustee ("UST").  The UST sent a letter each year identifying the principals,
listing the funds each principal had "on hand," and asking for renewal of the Bond in the total
amount the listed principals had on hand. The Renewal Certificates provide, in part, that they are to
be attached to and made a part of the Bond.[2]  (Rockenbach Aff., ¶ 5).

Marika Tolz is one of the principals listed on the Schedule.  Tolz was a panel trustee in the
United States Bankruptcy Court for the Southern District of Florida for 26 years.  She was also a

---

[1]      A copy of the Bond is attached as Exhibit "1" to the Affidavit of Kenneth Rockenbach, which
is attached to this Motion as Exhibit "A."  (References to this Affidavit are by the abbreviation
"Rockenbach Aff." followed by the specific paragraph.) Liberty believes that the UST has the signed
Bond in its possession.

[2]      A copy of the 2010 Renewal Certificate is attached to Mr. Rockenbach's Affidavit as Exhibit
"2."  Liberty believes that the UST has the signed Renewal Certificate in its possession.

receiver in several state cases. The 2010 Renewal Certificate lists Tolz's Bond Amount as $3,641,000.00 (the "Penal Sum"). (Rockenbach Aff., ¶ 6).

Tolz has resigned as Trustee from her cases, and Liberty has received or been threatened with claims against the Bond from the UST and successor trustees to Tolz alleging that Tolz misappropriated funds and/or otherwise failed to faithfully perform her duties as Trustee in no less than seven (7) bankruptcy cases (the "Claims"). Liberty has been advised that the Successor Trustees believe there are additional claims. (Rockenbach Aff., ¶ 7).

To date, Liberty has been sued by successor trustees in the following matters:

a.  *In re: James P. Driscoll*, bearing Adversary Proceeding number 10-03653 on the Docket of the United States Bankruptcy Court for the Southern District of Florida; and

b.  *In re: Richard Joseph Ryan*, bearing Adversary Proceeding number 10-03627 on the Docket of the United States Bankruptcy Court for the Southern District of Florida.

c.  *In re: Kivi South*, case no. 04-26245 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 342.

d.  *In re: Fuzion Technologies Group, Inc. and Fuzion Wireless Communications*, bearing Adversary Proceeding number 10-03626 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 8.

(Rockenbach Aff., ¶ 8). In each of these cases, the successor trustee has filed suit without joining the UST. Liberty is investigating the Claims, and believes it may have defenses to certain or all of the Claims. Notwithstanding those defenses, Liberty believes that the aggregate amount of the Claims exceeds the Penal Sum of the Bond. (Rockenbach Aff., ¶ 9).

If the Claims are not resolved in one forum, Liberty will be subjected to, among other things, multiple lawsuits against the Bond, multiple lawsuits seeking to assert the same or similar theories,

litigation of the same legal defenses in different courts, the risk of inconsistent rulings on the defenses, scope and coverage of the Bond, and adverse monetary judgments in amounts that could exceed the Bond's Penal Sum. Litigating the same or substantially similar facts and issues in several different courts instead of having such facts and issues determined in a single forum would be a waste of judicial resources.

Further, Claims have been asserted by successor trustees on the Bond, which names the United States of America as obligee. (Rockenbach Aff., ¶ 10). However, the UST is not a party to the litigation filed against Liberty's Bond. Without the participation of the in the resolution of the Claims, Liberty could be subject to duplicative and/or inconsistent claims.

Accordingly, to avoid multiple suits, duplicative litigation, inconsistent verdicts, an inefficient expenditure of legal resources, and liability beyond the Penal Sum, Liberty filed the captioned interpleader action. Liberty has filed a bond in the amount of the Penal Sum with the Clerk of Court (the "Interpleader Bond").[3]

## LAW AND ARGUMENT

**I.     LIBERTY IS ENTITLED TO A PRELIMINARY INJUNCTION UNDER 28 U.S.C. § 2361.**

28 U.S.C. § 2361 provides, in pertinent part, that:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

---

[3]     A copy of the Interpleader Bond was submitted to the Court contemporaneously with filing the Complaint in this action.

Liberty filed its interpleader action pursuant to 28 U.S.C. § 1335. Section 1335 authorizes "statutory interpleader" when the property involved has a value of $500.00 or more if there are two or more adverse claimants to the property and the plaintiff deposits the property into the registry of the Court *or* "has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." As noted above, Liberty has filed an Interpleader Bond with the Clerk of Court. Additionally, Liberty has asserted a claim to those funds to the extent that it has defenses to the claims. Liberty, a citizen of Massachusetts, is diverse from other claimants, which are citizens of Florida. Therefore, the requirements of § 1335 are satisfied, and injunctive relief under § 2361 is permitted. *See Lummis v. White*, 629 F.2d 397, 402-03 (5th Cir. 1980),[4] *rev'd on other grounds*, 457 U.S. 85, 102 S.Ct. 2325 (1982) (citizenship of interested stakeholder considered for purposes of determining jurisdiction under § 1335); *Mt. Hawley Ins. Co. v. Federal Sav. & Loan Ins. Corp.*, 695 F.Supp. 469 (C.D. Cal. 1987).

The right to an injunction under § 2361 is independent of any right to injunctive relief under Federal Rule of Civil Procedure 65. Rule 65(e) expressly states that "[t]hese rules do not modify . . . the provisions of Title 28, U.S.C. § 2361, relating to preliminary injunctions in actions of interpleader or in the nature of interpleader." Therefore, as this Court recently stated, "the traditional requirements for injunctions and restraining orders set forth in Federal Rule of Civil Procedure 65(a)

---

[4]    In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit issued before October 1, 1981.

do not apply to Section 2361 injunctions." *Orseck, P.A. v. Servicios Legales de MesoAmerica S. De R.L.*, 699 F.Supp.2d 1344, 1351, n. 9 (S.D. Fla. 2010)

The Eleventh Circuit has held that "[i]nterpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." *Ohio Nat'l Live Assur. Corp. v. Langkau*, 209 WL 3824789, * 3 (11th Cir. 2009). Another court has stated, "An interpleader action is designed to protect a stakeholder . . . from the possibility of multiple claims upon a single fund. To this end the interpleader statutes and rules are 'liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability.'" *Matter of Bohart*, 743 F.2d 313, 324-25 (5th Cir. 1984).

This Court has stated that injunctive relief is especially proper to protect the plaintiff from multiple litigation where there are numerous claimants and the threat of multiple lawsuits. *Orseck, P.A., supra*, 699 F.Supp.2d at 1351. Here, Liberty is subjected to multiple claims, the aggregate amount of which exceed the Penal Sum of the Bond; lawsuits have been filed by successor trustees without joinder of the UST, which could lead to issues as to the finality of any settlement or judgment; Liberty anticipates that additional lawsuits will be filed; and Liberty is at risk of inconsistent and/or conflicting rulings on the scope of its obligations and defenses to claims under the Bond. Thus, this case is particularly appropriate for interpleader and injunctive relief.

## II.     LIBERTY IS ALSO ENTITLED TO A PRELIMINARY INJUNCTION UNDER RULE 65.

Interpleader actions are also authorized under Federal Rule of Civil Procedure 22. Here, jurisdiction lies for an interpleader action under Rule 22 because Liberty is diverse from all defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Further, the Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1352, because this action pertains to a bond executed pursuant to 11 U.S.C. 322 and Federal Rule of Bankruptcy Procedure 2010, naming the United States of America as obligee. *See Commercial Union Ins. Co. v. U.S.*, 999 F.2d 581, 584 (D.C. Cir. 1993) (noting that Rule 22 interpleader must fall within a statutory grant of federal jurisdiction).

To obtain a preliminary injunction in connection with an interpleader action under Rule 22, the interpleading party must comply with Federal Rule of Civil Procedure 65 and the standard for granting a preliminary injunction.  In the Eleventh Circuit, a movant is entitled to a preliminary injunction if it can demonstrate by a clear showing the following factors:

> (1) a substantial likelihood of success on the merits; (2) the movant will suffer irreparable harm in the absence of the injunction; (3) the harm suffered by the movant in the absence of the injunction would exceed the harm suffered by the non-movant; and (4) that the injunction will not disserve the public interest.

*North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.2d 1211, 1217 (11th Cir. 2008). Liberty can demonstrate all of those factors here.

First, it is likely that Liberty will succeed on the merits of its interpleader action because Liberty is subjected to multiple claims that exceed the Penal Sum of the Bond; lawsuits have been filed by successor trustees without joinder of the UST, which could potentially affect the finality of any settlement or judgment; Liberty anticipates that additional lawsuits will be filed; and Liberty is at risk of inconsistent and/or conflicting rulings on the scope of its obligations and defenses to claims under the Bond.  Thus, this case is particularly appropriate for interpleader. *Ohio Nat'l Live Assur. Corp. v. Langkau*, 2009 WL 3824789, * 3 (11th Cir. 2009); *Matter of Bohart, supra*, 743 F.2d at 324-25; *Campbell v. North Am. Co. for Life and Health Ins.*, 2007 WL 2209249, *3 (M.D. Fla.

2007) ("One purpose of interpleader is to protect a stakeholder from the possibility of defending multiple claims.")

Second, there is a substantial threat of irreparable harm if injunctive relief is not granted. Liberty is already exposed to a multiplicity of lawsuits, and would be exposed to inconsistent verdicts and liability beyond the funds deposited into the registry of the Court.  As noted above, interpleader is designed to protect a stakeholder from the possibility of multiple claims upon a single fund, and the interpleader statutes and rules are designed to protect the stakeholder from the expense of defending twice and from double liability.  *Bohart*, *supra*, 743 F.2d at 324-25.

Third, the irreparable harm to Liberty outweighs any harm to the defendants because they will be able to assert their claims, if any, in this litigation and have the further protection of the Interpleader Bond, if they prevail.

Lastly, because interpleader actions serve the public interest by encouraging the resolution of competing claims in one forum, the public interest will not be undermined.  In fact, this interpleader action will serve the public interest because all claims, facts and defenses will be resolved in a single forum rather than in several different courts.  Such centralized litigation of the claims, facts and defenses will conserve the resources of several courts.

Accordingly, preliminary injunctive relief is appropriate in this case.

## **CONCLUSION**

Based on the foregoing, this Court should grant Liberty Mutual Insurance Company a preliminary injunction restraining the defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Bond, other than this Court, until further order of the Court.

Respectfully submitted,


_____ *s/ Brett D. Divers* _____
BRETT D. DIVERS, ESQ.
Florida Bar No. 0973246
bdivers@mpdlegal.com
ALBERTA L. ADAMS
Florida Bar No. 0080063
aadams@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 2010
Tampa, FL 33602
(813) 229-3500 (Telephone)
(813) 229-3502 (Fax)
*Attorneys for Liberty Mutual Insurance
Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

facsimile and by U.S. Mail on December 6th 2010 to:

| | |
|---|---|
| **Steven R. Turner, Esq.** | **Joel L. Tabas, Esq.** |
| United States Assistant Trustee | United States Trustee |
| Region 21 Office of The United States Trustee | 919 Ingraham Building |
| 51 SW First Ave., Room 1204 | 25 SE 2nd Ave. |
| Miami, FL 33130 | Miami, FL 33131 |
| | |
| **Soneet R. Kapila** | **Marc P. Barmat, Esq.** |
| United States Trustee | Furr & Cohen, P.A. |
| Post Office Box 14213 | 2255 Glades Rd., Ste 337W |
| Fort Lauderdale, FL 33302 | Boca Raton, FL 33431 |


_____ *s/ Brett D. Divers* _____

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT·LAUDERDALE DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY,

              Plaintiff,              CASE NO. _____

v.

THE UNITED STATES OF AMERICA,
*ex rel* STEVEN R. TURNER, UNITED
STATES ASSISTANT TRUSTEE, REGION
21, AND ALL PANEL TRUSTEES OR
SUCCESSOR TRUSTEES CLAIMING THROUGH
THE UNITED STATES TRUSTEE; ROBERT FURR,
JOEL TABAS, and SONEET KAPILA,
SUCCESSOR TRUSTEES TO MARIKA TOLZ,

              Defendants.
_____/

**AFFIDAVIT OF KENNETH ROCKENBACH IN SUPPORT OF LIBERTY MUTUAL
INSURANCE COMPANY'S MOTION FOR PRELIMINARY INJUNCTION**

STATE OF TEXAS:

COUNTY OF DALLAS:

      Before me, the undersigned authority, this day personally appeared Kenneth Rockenbach,

who, being by me first duly sworn, deposes and says:

      1.      I am Home Office Counsel for Liberty Mutual Insurance Company ("Liberty"), which

is a licensed surety company in the business of, among other things, issuing bonds. I am over the age

of 18 years, and am competent and authorized to make this Affidavit. I make this Affidavit based on

my personal knowledge or on the knowledge based on my review of the business records that Liberty

regularly maintains and that were prepared at or near the time of the events described in such records



**EXHIBIT**

**A**

by a person with knowledge of such events. Such business records are kept in the ordinary course of regularly conducted business activity of Liberty, and it is the regular practice of Liberty to make such business records. I routinely rely on such business records in the usual course of my business activities.

2. I make this Affidavit to support Liberty's Motion for Preliminary Injunction in the above-captioned case.

3. Liberty is a surety company in the business of providing, among other products, blanket bonds for bankruptcy Trustees. On December 13, 2002 Liberty issued a Blanket Bond of Trustees in Cases under Chapter 7 and Chapter 11 Provided it is a Liquidation and not a Reorganization," naming the United States of America as obligee, and naming as principals various individuals who served as trustees in Chapter 7 and Chapter 11 bankruptcy cases in the Southern District of Florida (the "Bond"), based on a schedule provided by the United States Trustee's office (the "Schedule"). A copy of the Bond is attached hereto as Exhibit "1."

4. Liberty executed Renewal Certificates for the Bond each year from 2004 to 2010. Each Renewal Certificate was effective as of January 1 of a particular year, replaced the prior year's Renewal Certificate, and altered the penal sum of the Bond for each trustee based on the total amount of the funds the trustees had under their administration at the time of renewal.

5. Liberty received the information about the amounts the trustees had under administration from the United States Trustee ("UST"). The UST sent a letter each year identifying the principals, listing the funds each principal had "on hand," and asking for renewal of the Bond in the total amount the listed principals had on hand. The Renewal Certificates provide, in part, that they are to be attached to and made a part of the Bond.

6.   Marika Tolz is one of the principals listed on the Schedule. Tolz was a panel trustee in the United States Bankruptcy Court for the Southern District of Florida for 26 years. She was also a receiver in several state cases. The 2010 Renewal Certificate lists Tolz's Bond Amount as $3,641,000.00 (the "Penal Sum"). A copy of the Renewal Certificate is attached hereto as Exhibit "2."

7.   Liberty has been informed that Tolz resigned as Trustee from her cases, and Liberty has received or been threatened with claims against the Bond from the UST and successor trustees to Tolz alleging that Tolz misappropriated funds and/or otherwise failed to faithfully perform her duties as Trustee in no less than seven (7) bankruptcy cases (the "Claims"). Liberty has been advised that the Successor Trustees believe there are additional claims.

8.   To date, Liberty has been sued by successor trustees in the following matters:

    a.   *In re: James P. Driscoll*, bearing Adversary Proceeding number 10-03653 on the Docket of the United States Bankruptcy Court for the Southern District of Florida; and

    b.   *In re: Richard Joseph Ryan*, bearing Adversary Proceeding number 10-03627 on the Docket of the United States Bankruptcy Court for the Southern District of Florida.

    c.   *In re: Kivi South*, case no. 04-26245 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 342.

    d.   *In re: Fuzion Technologies Group, Inc. and Fuzion Wireless Communications*, bearing Adversary Proceeding number 10-03626 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 8.

9.   Liberty is investigating the Claims, and believes it may have defenses to certain or all of the Claims. Notwithstanding those defenses, Liberty believes that the aggregate amount of the Claims exceeds the Penal Sum of the Bond.

10.    Further, Claims have been asserted by successor trustees on the Bond, which names

the United States of America as obligee.

**FURTHER AFFIANT SAYETH NAUGHT.**

Kenneth Rockenbach
As:  Home Office Counsel
Liberty Mutual Insurance Company

STATE OF TEXAS
COUNTY OF DALLAS

Sworn and subscribed to before me, this _6th_ day of December, 2010, by Kenneth Rockenbach, as Home Office Counsel of Liberty Mutual Insurance Company, who is <u>personally known to me</u> or who has produced _____ as identification.

(Seal)

JENNIFER ROSALES
NOTARY PUBLIC
State of Texas
Comm. Exp. 07-09-12

Notary Public, State of: Texas

Jennifer Rosales
Print Name

My Commission Expires: 7-9-2012

4

BOND # 016027932

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

BLANKET BOND OF TRUSTEES IN CASES UNDER CHAPTER 7

AND CHAPTER 11, PROVIDED IT IS A LIQUIDATION

AND NOT A REORGANIZATION

UNITED STATES BANKRUPTCY CODE

**KNOW ALL MEN BY THESE PRESENTS:**

That we, the Principals listed in Schedule "A" attached hereto, and those who may from time to time be added to said schedule, by amendment, and LIBERTY MUTUAL INSURANCE COMPANY, a corporation duly licensed to do business in the state of Florida, as Surety, are held and firmly bound unto the United States of America in the amount of **FORTY-EIGHT MILLION, TWO HUNDRED AND SIXTY-ONE THOUSAND AND 00/100 DOLLARS, ($48,261,000.00)**, in lawful money of the United States, to be paid to the United States, for which payment, well and truly to be made, we bind ourselves and our heirs, executors, administrators and successors firmly by these presents. Each individual trustee shall be liable only for his/her individual acts.

**THE CONDITION OF THIS OBLIGATION IS SUCH THAT:**

**WHEREAS,** the United States Bankruptcy Court for the Southern District of Florida, has appointed Trustees in cases commenced under the Chapter 7 and Chapter 11, provided such proceedings under Chapter 11 are liquidation and not reorganization, of the United States Bankruptcy Code; and

**WHEREAS,** the United States Trustee for Region 21, or his/her designate, has or will appoint Trustees in cases commenced under Chapter 7 and Chapter 11, provided such proceeding under Chapter 11 is a liquidation and not a reorganization, of the United States Bankruptcy Code; and



**EXHIBIT**

1

WHEREAS, the said Principals listed in Schedule "A" attached or subsequently added thereto by amendment may have been appointed or may hereafter be appointed to serve as such Trustee in one or more of such cases;

NOW THEREFORE, if the said Principals listed in Schedule "A" attached or subsequently added thereto as Trustee as aforesaid shall obey such orders as the United States Bankruptcy Court of the United States District Court or any of the Judges of such court may make in relation to the trust undertaken by said Trustee, and shall faithfully and truly account for all moneys, assets and effects of the estate in each case in which he or she has been appointed or will be appointed, and shall in all respects faithfully perform all his or her official duties as Trustee, then this obligation to be void; otherwise, to remain in full force and effect.

The aggregate liability of the Surety hereunder shall not exceed the face amount of this bond, regardless of the number of years this bond is in effect, regardless of the number of cases involved and regardless of the number of trustees involved. The Surety's liability in each case covered by this bond shall become effective on the date of this bond.

This bond shall remain in full force and effect with respect to all cases pending in this court, in which the said Principals listed in Schedule "A" attached or subsequently added thereto have been appointed, until the Surety has terminated further liability after 30 days written notice filed with U. S. Trustee for Region 21 and with the Clerk of the Bankruptcy Court for the Southern District of Florida.

SIGNED AND SEALED THIS 13TH DAY OF DECEMBER, 2002.

THIS BOND IS EFFECTIVE THE 1st DAY OF JANUARY, 2003.

LIBERTY MUTUAL INSURANCE COMPANY

ELOISE B. FARNSWORTH
ATTORNEY-IN-FACT

SCHEDULE "A"


    This Schedule "A" is attached to and made a part of Chapter 7 Blanket Bond # 016027932 dated the 1ST day of January, 2003 and filed with the U. S. Trustee for Region 21 and the U. S. Bankruptcy Court for the Southern District of Florida.


**PRINCIPALS:**

    DANIEL BAKST
    JOHN P. BARBEE
    JEFFREY BECK
    MARCIA T. DUNN
    PATRICIA DZIKOWSKI
    JAMES S. FELTMAN
    ROBERT C. FURR
    IRVING E. GENNET
    ALAN GOLDBERG
    LAUREN P. GREENE
    SONEET R. KAPILA
    CORALI CASTRO-LOPEZ
    ELENA M. MAGOLNICK
    DEBORAH C. MENOTTE
    SONYA L. SALKIN
    JOEL L. TABAS
    MARKIA TOLZ
    KENNETH A. WELT

TRUSTEE LIST FOR BLANKET BOND # 016027932

| | |
|---|---:|
| BAKST, DANIEL L. | 1,130.00 |
| BARBEE, JOHN P. | 1,566.00 |
| BECK, JEFFREY H. | 318.00 |
| DUNN, MARCIA T. | 1,956.00 |
| DZIKOWSKI, PATRICIA | 1,602.00 |
| FELTMAN, JAMES S. | 2,424.00 |
| FURR, ROBERT C. | 1,081.50 |
| GENNET, IRVING E. | 16.00 |
| GOLDBERG, ALAN L. | 1,904.50 |
| GREENE, LAUREN P. | 62.00 |
| KAPILA, SONEET R. | 2,224.50 |
| LOPEZ-CASTRO, CORALI | 976.00 |
| MAGOLNICK, ELENA M. | 47.50 |
| MENOTTE, DEBORAH | 2,380.50 |
| SALKIN, SONIA L. | 1,479.00 |
| TABAS, JOEL L. | 1,754.50 |
| TOLZ, MARIKA | 1,174.00 |
| WELT, KENNETH A. | 2,034.50 |
| | 24,130.50 |

BOND # 016027932

<u>RENEWAL CERTIFICATE</u>

To be attached to and made a part of Chapter 7 Blanket Bond #016027932 filed with the U. S. Bankruptcy Court for the Southern District of Florida with the U.S. Trustee for Region 21.

The attached bond shall be subject to all its agreements, limitations and conditions except as herein expressly amended and further that the liability of the Surety under the attached bond shall not exceed the amount of $78,020,000.00 and shall not be cumulative. The Surety shall have no liability for any losses caused by conduct in which any of the said named principals engaged prior to the effective date of the original bond or the effective date of their being added to the bond.

Trustees:

| | |
|---|---|
| MICHAEL R. BAKST | SONEET R. KAPILA |
| JOHN P. BARBEE | DEBORAH C. MENOTTE |
| DREW DILLWORTH | BARRY MUKAMAL |
| MARCIA T. DUNN | LESLIE OSBORNE |
| PATRICIA DZIKOWSKI | SONYA L. SALKIN |
| JAMES S. FELTMAN | JOEL L. TABAS |
| ROBERT C. FURR | MARIKA TOLZ |
| ALAN L. GOLDBERG | KENNETH A. WELT |

**THIS RENEWAL IS IN EFFECT THE 1ˢᵗ DAY OF JANUARY, 2010.**

**SIGNED AND SEALED THIS 31st DAY OF DECEMBER 2009.**

LIBERTY MUTUAL INSURANCE COMPANY

BY: _____
Marley M. Morris - ATTORNEY IN FACT

NOTE: THE U. S. TRUSTEE APPROVES THE SUFFICIENCY OF THE SURETY AND THE AMOUNT OF THIS BOND
DATED: _____     BY: _____

---

**EXHIBIT**

**2**